Scott J. Ferrell, Bar No. 202091
sferrell@pacifictrialattorneys.com
Victoria C. Knowles, Esq., Bar No. 277231
**PACIFIC TRIAL ATTORNEYS**
A Professional Corporation
4100 Newport Place Drive, Suite 800
Newport Beach, CA 92660
Tel: (949) 706-6464
Fax: (949) 706-6469
vknowles@pacifictrialattorneys.com

Attorney for Plaintiff

**SHEPPARD, MULLIN, RICHTER & HAMPTON LLP**
A Limited Liability Partnership
Including Professional Corporations
GREGORY F. HURLEY, Cal. Bar No. 126791
ghurley@sheppardmullin.com
Michael J. Chilleen, Bar No. 210704
mchilleen@shpeppardmullin.com
650 Town Center Drive, 4th Floor
Costa Mesa, California 92626-1993
Telephone: 714.513.5100
Facsimile: 714.513.5130

Attorneys for Defendant

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROY RIOS, an individual, | 8:17-CV-00810-JLD-JDE |
| Plaintiff, | **FEDERAL RULE OF CIVIL PROCEDURE 26(f) JOINT REPORT** |
| v. | Date: June 30, 2017 |
| FIRST FOUNDATION INC., a Delaware corporation; and DOES 1-10, inclusive, | Time: 1:30 p.m. |
| Defendants. | Complaint filed: April 13, 2017 |

TO THE CLERK, COURT, AND ALL PARTIES AND THEIR COUNSEL OF RECORD, Plaintiff Roy Rios ("Plaintiff") and Defendant First Foundation Inc. ("Defendant") (collectively with Plaintiff, the "Parties") hereby submit this Joint Rule 26(f) Report Pursuant to the Court's May 16, 2017 Order (Dkt. No. 11):

a.    <u>Statement of the Case</u>:

Plaintiff contends that Defendant, which maintains places of public accommodation, offers a website as a privilege and service thereof, ff-inc.com, which is integrated with Defendant's places of public accommodation and functions as the gateway to Defendant's banks. Defendant's website allows the user to locate branches, gain information on personal banking and wealth management, bank online, and a host of other functions, but is denying equal access to blind and visually-impaired customers such as Plaintiff. Ff-inc.com contains access barriers that prevent free and full use by blind and visually-impaired persons using screen reading software. These barriers are pervasive and include, but are not limited to, the following: lack of alternative text, empty links, redundant alternative text, and missing form labels. The foregoing access barriers prevent Plaintiff from full and equal access to the services and privileges offered by Defendant. Based thereon, Plaintiff has alleged a cause of action based on Defendant's violation of the Unruh Civil Rights Act, California Civil Code § 51 *et seq*.

Defendant contends the Department of Justice has not issued any accessibility standards for websites. This is a nuisance lawsuit. Defendant denies that its website is not accessible. Plaintiff and Plaintiff's counsel have filed a number of these ADA / Unruh Act website suits in this District and across Southern California. The Complaints in each of these allege the same claims and violations. Plaintiff alone has filed the following near-identical cases.

| Date | Case | Number |
|---|---|---|
| 04/30/15 | Rios v. Barnes and Noble Booksellers, Inc. | 2:15-cv-03220-R-VBK |
| 05/05/15 | Rios v. The Donna Karan Company, LLC | 2:15-cv-03487-FMO-MRW |
| 06/19/15 | Rios v. Fossil Stores I Inc. et al | 8:15-cv-00988-CBM-VBK |
| 01/20/17 | Rios v. Versace USA, Inc. | 2:17-cv-00501-DMG-RAO |

These suits do not identify a particular date when the Plaintiff attempted to access Defendant's website or describe any specific problems the Plaintiff allegedly encountered. The alleged violations appear, both generally and specifically, to be the same or similar in each of these Complaints. Each of these suits allege that the defendants website violates the ADA because it does not comply with private guidelines called the Web Content Accessibility Guidelines (WCAG). There are no ADA regulations for websites. Several Courts have found that the ADA does not apply to private websites. The Ninth Circuit has interpreted the term "place of public accommodation" to require "some connection between the good or service complained of and an actual physical place." *Earll v. eBay, Inc.*, 599 Fed. Appx. 695 (9th Cir. Apr. 1, 2015); *Weyer v. Twentieth Century Fox Film Corp.*, 198 F.3d 1104, 1114 (9th Cir. 2000). The Department of Justice has not issued any accessibility standards for websites and/or mobile applications and has delayed or abandoned its Rulemaking for private websites.

Recognizing the above, Judge Otero dismissed identical claims in *Guillermo Robles v. Dominos Pizza LLC* 2:16-cv-06599-SJO-FFM (C.D. Cal. March 20, 2017) pursuant to due process principles and the primary jurisdiction doctrine. Defendant believes this lawsuit should be dismissed on the same grounds.

b.  Legal Issues:

Plaintiff contends the legal issues in this case stem from the question whether the inaccessibility of Defendant's website by Plaintiff, a blind individual, violates the Unruh Civil Rights Act, California Civil Code § 51 *et seq*. A determination of this issue will depend on several legal inquiries: (1) whether Defendant's website can be considered a place of public accommodation pursuant to 42 U.S.C. § 12182(a); (2) if not, whether there is a sufficient nexus between ff-inc.com and Defendant's branch locations; (3) whether ff-inc.com is a service, facility, privilege, advantage, and/or accommodation of Defendant's branch locations; and (4) based thereon, whether Plaintiff is entitled to damages.

Defendant contends, as set forth above, that there is no legal basis for these claims.

c. Damages:

Plaintiff contends his damages include $4,000 in statutory damages pursuant to California Civil Code § 52(a) for each instance in which he attempted to use Defendant's website and was denied equal access thereto based on Defendant's accessibility barriers. Cal. Civ. Code § 52(a)); *Vogel v. Rite Aid Corp.*, 2014 WL 211789, at *10 (C.D. Cal. Jan. 17, 2014); *Yates v. VI PA, Inc.*, 2014 WL 1089101, at *15-*16 (N.D. Cal. Mar. 17, 2014) (awarding $16,000 in statutory damages after finding that "courts frequently make an award of this magnitude under the Unruh Act"). Plaintiff contends he is likewise entitled to statutory damages for each instance that he was deterred from using/patronizing Defendant's website due to the ongoing and pervasive accessibility barriers contained thereon. Cal. Civ. Code § 52(a); *Vogel v. Rite Aid Corp.*, 2014 WL 211789, at *11 (C.D. Cal. Jan. 17, 2014) (awarding the plaintiff $8,000 under the Unruh Act based on two deterred visits); *Lentini v. California Center for the Arts, Escondido*, 370 F.3d 837, 842-43, 848-49 (9th Cir. 2004) (affirming the district court's finding that the disabled plaintiff was deterred from attending seven theater performances such that the defendants were liable to the plaintiff for each deterred performance).

Defendant disputes that Plaintiff is entitled to any damages.

d. Insurance:

The Parties are unaware of any insurance coverage that is applicable to this action.

e. Motions:

The Parties do not anticipate motions seeking to add other parties or claims (*see* Local Rule 261(e)), file amended pleadings, or to transfer venue.

f.  Complexity;

The Parties do not believe the procedures of the Manual for Complex Litigation should be utilized.

g.  Status of Discovery:

The Parties intend to immediately commence written discovery and the depositions of the Parties.

h.  Discovery Plan:

The Parties do not believe any changes in the disclosures under Rule 26(a) should be made.  The Parties propose exchanging initial disclosures two weeks after the Scheduling Conference, or on or before July 14, 2017.

Plaintiff proposes discovery on the following topics: 1. Defendant's operation of places of public accommodation; 2. Defendant's ownership of the website, ff-inc.com; 3. Defendant's maintenance of ff-inc.com; 4. The design of ff-inc.com; 5. The accessibility of ff-inc.com by visually-impaired individuals; 6. Defendant's use of any guidelines or standards of accessibility for ff-inc.com; 7. Training provided by Defendant on web design and accessibility for disabled users of ff-inc.com; 8. Complaints about ff-inc.com's accessibility by blind and visually impaired individuals; 9. Government investigations of ff-inc.com; and 10. All actions taken by Defendant, if any, to make ff-inc.com accessible to visually-impaired users.

Defendant will conduct written discovery regarding Plaintiff's requests for injunctive relief and damages, his disability, and his use of the subject website, and will take the depositions of Plaintiff, his expert, and any percipient witnesses.

The Parties do not believe discovery should be conducted in phases or otherwise limited.  The Parties propose a non-expert discovery cut-off of February 23, 2018.

i.  Expert Discovery:

The Parties propose an expert discovery cut-off of May 25, 2018.

j.  Dispositive Motions:

The Parties propose filing their respective motions for summary judgment and/or adjudication to be heard prior to May 25, 2018.  The Parties believe that some of the legal issues set forth in section b. may be resolved via motion for summary judgment.

k.  Alternative Dispute Resolution (ADR):

The Parties are engaging in early resolution discussions.  The Parties propose utilizing a panel mediator.

l.  Settlement Efforts

Plaintiff has provided to Defendant a written offer for settlement.

m.  Trial Estimate:

The Parties estimate a 2-5 day jury trial.  Each Party expects to call three to four witnesses.

n.  Trial Counsel:

Trial counsel for Plaintiff shall be Scott J. Ferrell, David W. Reid, and Victoria C. Knowles of Pacific Trial Attorneys.  Trial counsel for Defendant shall be Gregory Hurley and Michael Chilleen of Sheppard Mullin Richter & Hampton.

o.  Independent Expert or Master:

The Parties do not anticipate the need for an independent expert or master.

p.  Other Issues:

The Parties do not anticipate any other issues at this time.

Dated:  June 16, 2017

**PACIFIC TRIAL ATTORNEYS, APC**

By: */s/ Victoria C. Knowles*
Victoria C. Knowles
Attorney for Plaintiff
ROY RIOS

1  Dated:  June 16, 2017          **SHEPPARD, MULLIN, RICHTER & HAMPTON LLP**

By: */s/ Michael Chilleen*
   Michal Chilleen
   Attorneys for Defendant
   FIRST FOUNDATION INC.

   *I, Victoria C. Knowles, hereby certify that the content of this document is acceptable to all persons required to sign this document and that I obtained the authorizations necessary for the electronic signatures of all parties for this document.*

   */s/ Victoria C. Knowles*
   Victoria C. Knowles

CERTIFICATE OF SERVICE

I hereby certify that on June 16, 2017, I electronically filed the foregoing **FEDERAL RULE OF CIVIL PROCEDURE 26(f) JOINT REPORT** with the Clerk of the Court using the CM/ECF system which will send notification of such filing via electronic mail to all counsel of record.

*/s/ Victoria C. Knowles, Esq.*
Victoria C. Knowles, Esq.